[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PROTECTION FROM FORECLOSURE
The plaintiff instituted the present action to foreclose a mortgage executed by the defendant Roberta A. Acquaviva as a result of the nonpayment of a note also executed by her. Erno Racz was also named as a defendant by the plaintiff alleging that Racz was currently occupying and in possession of the premises sought to be foreclosed. The defendant Racz has now filed an application for protection from foreclosure pursuant to the provisions of General Statutes 49-31d through 49-31j. Defendant Racz claims to be a person described in the above referred to provisions of the General Statutes and asserts that he has an equitable ownership in the property.
The defendant Racz claims that there is an action for the dissolution of the marriage between himself and the defendant Roberta Acquaviva pending in the Superior Court; that legal title is presently vested in the defendant Acquaviva; that the property is marital property under the laws of the State of Connecticut; and that the court, in the dissolution proceedings, has the power to divide marital property. The defendant therefore claims that he is a "homeowner" within the meaning of our statutes and is entitled to relief from foreclosure.
Under General Statutes 49-31d, et seq., a homeowner (a person CT Page 308 who has an ownership interest in residential real property secured by a mortgage which is the subject of a foreclosure action), may apply to the court for protection from the foreclosure action and obtain, in the discretion of the court, a restructuring of the mortgage debt. In making such determination, the court shall consider the "likelihood that the homeowner will be able to make timely payments on the restructured mortgage" (General Statutes49-31f(d)(1)) and the court in its discretion may order the restructuring of the "mortgage debt of such homeowner" (General Statutes 49-31g(a)).
The defendant Racz does not claim to have executed either the note or the mortgage and does not claim to be indebted to the plaintiff. The defendant Acquaviva has not filed an application for protection from foreclosure, nor does she seek a restructuring of the mortgage debt. Accordingly, there is no mortgage debt of the defendant, Racz, which the court can restructure.
Accordingly, the application for protection from foreclosure is denied.
RUSH, J.