[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to General Statutes § 49-31d et. seq., a homeowner, i.e., a person who has an ownership interest in residential real property secured by a mortgage which is the subject of a foreclosure action, may apply to the court for protection from the foreclosure action and obtain, in the court's discretion, a restructuring of the mortgage debt. First Federal Savings Loanv. Acquaviva, 8 CSCR 214 (January 21, 1993, Rush, J.). Section49-31f provides that:
 a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period of two years and (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven year period.
General Statutes § 49-31f(a) (Rev. to 1993). General Statutes § 49-31f(b) contains the procedure to be utilized in determining whether CT Page 5968 an applicant is "unemployed" or "underemployed."
In determining the eligibility of a homeowner for protection from foreclosure under the statute, the court may consider any relevant facts, and shall consider: (1) the likelihood that the homeowner will be able to make timely payments on the mortgage commencing at the end of the restructuring period; and (2) the presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt. General Statutes § 49-31f(d) (Rev. to 1993). This statutory scheme was devised not to benefit the lending institutions, but rather to provide, as a matter of public policy, a mechanism to allow a homeowner who has suffered a sudden financial hardship an opportunity to restructure his financial affairs. Dime Savings Bank v. Romano, 7 CSCR (June 17, 1992, Katz, J.).
In the instant case, plaintiff argues that defendants' application does not contain financial information for all homeowners of the subject property as required by statute. Plaintiff further argues that: defendants' application did not include disclosure of their income for the two years before the twelve month period immediately preceding commencement of the foreclosure action; defendants will be unable to make the monthly mortgage payments under a restructured mortgage plan; and if the mortgage is restructured pursuant to § 49-31i, the amount of the restructured mortgage will exceed the limitations of mortgage debt, so defendants do not qualify for restructuring under the statute. In support of its objection, plaintiff has attached the affidavit of the assistant vice president of GE Capital Mortgage, as well as the oath of an appraiser.
Defendants' application states that: the property has been the principal residence of the defendants for more than two years; defendants have never had a foreclosure action brought against them in the past; and defendant Vivian Edwards has been unemployed since 1992 and defendant Joyce Edwards has been continuously employed since 1990 and earns $21,000 per year. However, the file indicates that there are no financial affidavits annexed to defendants' application. The court finds that the absence of such affidavit does not comply with the statute and renders the court unable to determine whether defendants are underemployed within the meaning of § 49-31f(b). Additionally, the court finds that the defendants would not be able to make timely payments under the restructured mortgage. Accordingly, the application for protection from CT Page 5969 foreclosure is denied.
HICKEY, J.